UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

KELLY SHANE PIFFERINI,

Plaintiff,

v.

CITY OF EUREKA, et al.,

Defendants.

Case No.  24-cv-09191-RMI

**ORDER ON SEVERAL MOTIONS**

Re: Dkt. Nos. 35, 37, 41, 43

Before the court are several motions filed by Plaintiff which the court will address together in this Order. First is Plaintiff's Motion to Amend. (Dkt. 35.) Defendants oppose the motion only to the extent that it would allow Plaintiff to add a new defendant and new claims. Defendants do not oppose allowing Plaintiff to amend as previously allowed by the court. While Defendants' arguments as to the possible untimeliness and futility of the proposed additional amendments are well taken, because Defendants do not otherwise object to an amendment, the court finds it more efficient and just to allow Plaintiff to amend as proposed and to allow Defendants to reraise these substantive issues in a motion to dismiss (which Defendants assure is forthcoming). Accordingly, Plaintiff's Motion to Amend (dkt. 35) is GRANTED. The Clerk of the Court is directed to file the proposed First Amended Complaint at docket number 35-3 as the First Amended Complaint. Officer Huffman is to be added as a Defendant (and must also complete a consent form) and the docket is to be corrected to reflect the proper spelling of Officer Graham and Officer Omey's names. Defendants shall have twenty-one (21) days from the date of this order to file their motion to dismiss or other responsive pleadings to the First Amended Complaint.

Plaintiff's second motion, the Motion to Appoint Counsel (dkt. 37), is DENIED. There is

no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989). The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which is based on (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery nor the fact that the pro se litigant would be better served with the assistance of counsel necessarily mean the issues involved are complex. *See Rand*, 113 F.3d at 1525 (where the plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel). The burden to show a need for appointed counsel is on the plaintiff. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the record does not currently show exceptional circumstances as required to appoint counsel. It is too early in the case to evaluate Plaintiff's likelihood of success on the merits. However, the court finds that Plaintiff has successfully articulated his claims and seems to have a fair grasp of the law involved. Accordingly, the court declines Plaintiff's request to appoint counsel on his behalf and the Motion (dkt. 37) is DENIED.

Plaintiff's third motion (dkt. 41) is a request related to his former attorney, who now works as a deputy district attorney for the County of Humboldt. Plaintiff mistakenly believed that his former attorney now works for the City of Eureka and not the county of Humboldt and sought a protective order in this case and his client file. The Motion to Show Cause (dkt. 41) is DENIED. Plaintiff is free to seek his client file from his former attorney on his own.

Plaintiff's fourth motion (dkt. 43) is filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Plaintiff asserts that he was absent from this litigation for nine months due to misunderstanding the court's order taking the motion to dismiss off calendar and he requests that

the court vacate all orders during this time-period. However, all that occurred while Plaintiff was away is the following: (1) the court issued its ruling granting in part and denying in part Defendants' motion to dismiss (something that was already fully briefed and for which his attendance/participation was unnecessary); (2) Plaintiff missed his deadline to file an amended complaint; (3) Plaintiff failed to participate in preparation of the case management statement or appear at the case management conference; and (4) the court issued a show cause notice. Since Plaintiff rejoined the litigation, the court has discharged the show cause notice finding Plaintiff had shown good cause as to why he failed to appear at the case management conference (not finding good cause as to why he failed to timely file an amendment) and now, in this Order, the court is allowing Plaintiff to file his Amended Complaint six months late. Thus, there is nothing more for the court to alter that could provide Plaintiff any additional relief. Accordingly, the Motion to Alter Judgment (dkt. 43) is DENIED.

**IT IS SO ORDERED.**

Dated: April 30, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

3